**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN LLIGUI CACERES,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–11899–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Juan Lligui Caceres's third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Third Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1.)

2. Petitioner was detained by ICE on July 6, 2026. (*Id.*)

3. On July 7, 2026, petitioner challenged his detention in a habeas corpus petition (First Petition). *Caceres v. Blanche*, No. 26–cv–08332, 2026 WL 2110787 (D.N.J. July 22, 2026) (*Caceres I).*

4. On July 22, 2026, I denied the First Petition after finding that petitioner was subject to a final order of removal and had not rebutted the presumption that his detention pending removal was reasonable. *Id.* at *2.

5. Petitioner filed a second habeas petition (Second Petition) on August 7, 2026, in which he conceded that his detention was governed by 8 U.S.C. § 1231 but argued that his removal was not reasonably foreseeable. *Caceres v. Warden of Delaney Hall Detention Facility*, No. 26–cv–10042, 2026 WL 2581967 (D.N.J. Sept. 1, 2026) (*Caceres II).*

6. I denied the Second Petition on September 1, 2026 after concluding that petitioner still had not rebutted the presumption that his detention pending removal was reasonable. *Id.* at *2.

7. Petitioner filed his Third Petition on September 12, 2026. (ECF No. 1.) He argues that he was planning on filing a motion to reopen his immigration proceedings and request a stay of removal. (*Id.* ¶ 4.)

8. He asserts that the motion would change his removal status such that supervised release would be appropriate. (*Id.* ¶ 7.)

9. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

10. I concluded in the First Petition that the mandatory detention period expired on February 1, 2008. *Caceres*, 2026 WL 2110787, at *1.

11. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

12. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

13. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

14. Petitioner has not met this standard. A motion to reopen proceedings by itself is not enough to establish that there is no significant

likelihood of removal. As petitioner concedes, (ECF No. 1 ¶5), a noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal ... shall remain subject to the provisions of [this regulation interpreting §1231] unless the motion to reopen is granted." 8 C.F.R. §241.4(b)(1). Petitioner received an extension of time to file supporting evidence, (ECF No. 6), but he did not do so.

15. As I noted in my opinion and order dismissing the Second Petition respondents have essentially been prohibited from effectuating the removal order due to the multiple habeas petitions. *Caceres II*, 2026 WL 2581967, at *2.

16. The Third Petition was filed less than two weeks after I denied the Second Petition. That is hardly an egregious period of "continued detention" such that I could conclude that petitioner's removal is not reasonably foreseeable. "Petitioner unquestionably has the right to challenge his detention via habeas corpus, but I cannot say that respondents have made no effort to remove petitioner when there have been orders preventing his transfer for most of his detention." *Id.* [1]

Accordingly,

**IT IS** on this **30th** day of **September 2026** **ORDERED** that:

1. Petitioner's Third Petition is **DENIED**.

2. Any restrictions imposed by this Court on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[1] I caution petitioner that future habeas petitions may be subject to dismissal for abuse of the writ in the absence of material changes in petitioner's detention.